UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QUDIAN INC. SECURITIES LITIGATION | Master File No.: 1:17-cv-09741-JMF<br><br>Related cases:<br>1:17-cv-09796-JMF<br>1:17-cv-09903-JMF<br>1:17-cv-09875-JMF<br>1:17-cv-09894-JMF |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending in this Court entitled *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM (the "Action")[1];

WHEREAS, lead plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust (collectively, "Lead Plaintiffs") and additional named plaintiff Darwin Sutanto (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class, and (b) defendants Qudian Inc. ("Qudian"), the Individual Defendants,[2] the Selling Shareholder Defendants,[3] and the Underwriter Defendants[4] (Qudian, the Individual Defendants, the Selling Shareholder Defendants, and the Underwriter Defendants, collectively, "Defendants" and, together with Plaintiffs, the "Parties")  have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

---

[1] All capitalized terms used in this Order that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 13, 2020 (the "Stipulation").

[2] The Individual Defendants are Min Luo, Carl Yeung, Lianzhu Lv, Yi Cao, Shilei Li, Li Du, Chao Zhu, Tianyu Zhu, Diana Arias, Yifan Li, Rocky Ta-Chen Lee, and Yahui Zhou.

[3] The Selling Shareholder Defendants are Qufenqi Holding Limited, Phoenix Auspicious FinTech Investment L.P., Wa Sung Investment Limited, Source Code Accelerate L.P., Kunlun Group Limited, Ever Bliss Fund, L.P., and Joyful Bliss Limited.

[4] The Underwriter Defendants are Morgan Stanley & Co. International plc, Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., China International Capital Corporation Hong Kong Securities Limited, UBS Securities LLC, Stifel, Nicolaus and Company, Incorporated, Needham & Company, LLC, and Nomura Securities International, Inc.

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Class consisting of all persons or entities that purchased or otherwise acquired Qudian American Depositary Shares ("ADS") in or traceable to Qudian's initial public offering (the "IPO") on or about October 18, 2017 (the "Class").   Excluded from the Class are: (1) persons who suffered no compensable losses; and (2) (a) Defendants; (b) the legal representatives, heirs, successors, assigns, and members of the Immediate Families of the Individual Defendants; (c) the parents, subsidiaries, assigns, successors, and predecessors of Qudian, the Underwriter Defendants, and the Selling Shareholder Defendants; (d) any persons who served as officers and/or directors of Qudian, the Underwriter Defendants, or the Selling Shareholder Defendants at the time of the IPO; (e) any entity in which any of the foregoing (a)-(d) excluded persons have or had a majority ownership interest at the time of the IPO; and (f) Defendants' liability insurance carriers.   Also excluded from the Class are any persons and entities who or which validly exclude themselves by submitting a request for exclusion that is accepted by the Court.   For avoidance of doubt, any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or had a direct or indirect interest, or as to which its affiliates act or acted as an investment advisor, but of which any Underwriter

Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest, shall not be deemed an excluded person or entity.

2.     **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Alan B. Hertz and the Alan Hertz Family 2012 Trust, and additional named plaintiff Darwin Sutanto, are adequate class representatives and certifies them as Class Representatives for the Class.  The Court also appoints Co-Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on   April 27         ,   2021 at   4 : 00 p.m. in Courtroom 1105, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40

4

Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.   Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 7 of this Order.  In light of the ongoing pandemic the Court may choose to hold the Settlement Hearing telephonically or via videoconference, in which case, notice will be provided to the Class on the settlement website that will be established for the Settlement.

6.      The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, Qudian shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers or holders of Qudian ADS from the date of the IPO on or about October 18, 2017 through May 20, 2018;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided to the Claims Administrator by Qudian, or in the records that Qudian caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing and/or emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily*, and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing or emailing and of publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S. Code § 77z–1, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (or emailed) and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Qudian ADS in or traceable to the IPO for the benefit of another person or entity shall, (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Notice Packets forward them to all such beneficial owners or, (b) within with ten (10) calendar days of receipt of the Notice, send a list of the names and

addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.      **<u>Participation in the Settlement</u>** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Co-Lead Counsel may, at its discretion, accept for processing late Submitted Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class.  By submitting a Claim Form to the Claims Administrator (a "Submitted Claim"), a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Submitted Claim and the subject matter of the Settlement.

11.      Each Submitted Claim must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member that does not timely and validly submit a Claim Form or whose Submitted Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing by EXCLUSIONS—*In re Qudian Securities*

*Litigation*, c/o A.B. Data., Ltd., at the address set forth in the Notice; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Qudian Inc. Securities Litigation*, Case No. 1:17-cv-09741-JFM"; (iii) state the number of shares of Qudian ADS that the person or entity requesting exclusion purchased or otherwise acquired in or traceable to the IPO and/or sold, as well as the dates and prices of each such purchase/acquisition and sale; (iv) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above or is otherwise accepted by the Court.  The failure of any request for exclusion to contain all of the information necessary for the Parties or the Claims Administrator to determine the loss, if any, suffered by the individual or entity seeking such exclusion will constitute sufficient grounds to deny any such request for exclusion.

14.    Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and the Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court ~~and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below~~, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

17.     Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be

heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court ~~and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below~~ such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

<table>
<tr><td align="center"><b><u>Co-Lead Counsel</u></b></td><td align="center"><b><u>Defendants' Counsel</u></b></td></tr>
<tr><td align="center">Jack I. Zwick, Esq.<br>225 Broadway, Suite 1440<br>New York, NY 10007<br><br>Glancy Prongay & Murray LLP<br>Jonathan M. Rotter, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067</td><td align="center">Simpson Thacher & Bartlett LLP<br>James G. Kreissman, Esq.<br>Stephen P. Blake, Esq.<br>2475 Hanover Street<br>Palo Alto, CA 94304<br><br>O'Melveny & Myers LLP<br>Jonathan Rosenberg, Esq.<br>William J. Sushon, Esq.<br>7 Times Square<br>New York, NY  10036<br><br>Quinn Emanuel Urquhart & Sullivan, LLP<br>Rollo C. Baker IV, Esq.<br>Jesse Bernstein, Esq.<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010</td></tr>
</table>

18.    Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Qudian ADS that the Class Member purchased or otherwise acquired in or traceable to the IPO

and/or sold, as well as the dates and prices of each such purchase/acquisition and/or sale; (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) a statement confirming whether the Class Member and/or the Class Member's counsel plans to appear at the Settlement Hearing; (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing; and (g) the number of times the Class Member filed an objection to a settlement in the previous five years and the nature of each objection to each settlement in which the Class Member filed an objection in the previous five years.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include, in their written objection or notice of appearance, the identity of any witnesses they may call to testify, and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the

Settlement should be approved, the Court bars and enjoins Plaintiffs ~~and all other members of the Class,~~ from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

22.    **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.    **Taxes** – Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of October 14, 2020, as provided in the Stipulation.

25.     **Use of this Order** – Neither this Order, the Settlement Term Sheet, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of Defendants' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees, or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees

as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial; *provided, however*, that, if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing, and reply papers, if any, shall be filed and served no later than ~~seven (7)~~ fourteen (14) calendar days prior to the Settlement Hearing. Any opposition shall be filed no later than twenty-one (21) calendar days prior to the Settlement Hearing.

27.   The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ___16th___ day of ___November___, 2020.

_____
The Honorable Jesse M. Furman
United States District Judge


Lead Plaintiffs shall file a copy of the Supplemental Agreement described in Paragraph 37 of the Stipulation under seal for the Court's consideration in camera.

The Notices shall be modified to note that, due to the COVID-19 pandemic, the fairness hearing may be conducted remotely and that class members should consult the docket.

The pending motions to dismiss are denied as moot.  The Clerk of Court is directed to terminate ECF Nos. 211, 216, and 225.